UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:10-cr-02-01 |
| | ) | |
| BARDUL ZEKIROVSKI. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO SEVER
(Doc. 31)

This matter comes before the court on Defendant Bardul Zekirovski's Motion to Sever Counts 1 and 2. Defendant seeks severance on the grounds that he would be unfairly prejudiced by a joint trial on all counts. The Government opposes severance.

The Indictment against Defendant alleges two offenses: Count 1: Re-entry of Deported Alien in violation of 8 U.S.C. § 1326(a); and Count 2: Importing Marijuana into the United States from Canada in violation of 21 U.S.C. §§ 952(a), 960(b)(4), and 18 U.S.C. § 2. Both charges arise out of Defendant's alleged re-entry into the United States from Canada on December 25, 2009. With regard to Count 2, the Government alleges that it found Defendant's footprints in the snow leading to two large hockey bags containing approximately forty-two pounds of marijuana. In a post-arrest interview, Defendant allegedly admitted to seeing the hockey bags in the woods, but denied any further role with regard to them.

Rule 8 of the Federal Rules of Criminal Procedure provides for joinder of offenses where "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Second Circuit has interpreted this rule "to mean that joinder is proper when the charged offense[s] [are] 'unified by some substantial identity

of facts or participants, or arise out of a common plan or scheme.'" *United States v. Stewart*, 433 F.3d 273, 314 (2d Cir. 2006) (quoting *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)).

Rule 14 of the Federal Rules of Criminal Procedure governs relief from prejudicial joinder. It provides that "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Defendant contends that if Counts 1 and 2 are tried together, the jury deciding Count 2 would be informed of Defendant's past removal and/or denial of entry into the United States, which Defendant characterizes as a "highly prejudicial" fact comparable to evidence of a prior conviction. The court concludes that severance is not warranted in this case for the following reasons.

First, neither a prior removal nor a denial of entry constitutes a criminal conviction that would otherwise be inadmissible. In this respect, an illegal entry charge presents no opportunity for the Government to introduce evidence that would otherwise be excluded. In contrast, a prior conviction presents the type of substantial and unnecessary prejudice for which severance may be the only appropriate remedy. As the Second Circuit has explained:

> In making it illegal for ex-felons to possess firearms, Congress was motivated by an understandable desire to restrict ownership of weapons by those whose pasts suggested even a minimal proclivity towards crime. Unfortunately, a side consequence of the law has been to provide federal prosecutors with a powerful tool for circumventing the traditional rule against introduction of other crimes evidence. Whenever an ex-felon is charged with committing a crime involving the use of a gun, prosecutors may inform the jury of the defendant's prior convictions merely by taking the time to include a charge of firearms possession.

We do not believe Congress had such a tactic in mind when it criminalized

> possession of firearms by ex-felons, and we do not believe the federal judiciary should encourage or countenance this use of the law. The exclusion of other crimes evidence is not simply a "technicality" designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence. That exclusion and precept must not be discarded in the name of judicial efficiency.

*United States v. Desantis*, 802 F. Supp. 794, 802 (E.D.N.Y. 1992) (quoting *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C.Cir. 1985) (internal citation omitted)). The issue raised in *Desantis* and *Daniels*, is simply not present here. As the Ninth Circuit recently observed:

> No law supports [the defendant's] contention that the jury's knowledge that he was an illegal alien created "prejudice of such magnitude that the defendant's right to a fair trial [was] abridged." Unlike evidence of a prior felony conviction, relevant evidence that a person is a previously-deported illegal alien is admissible.

*United States v. Lopez*, 477 F.3d 1110, 1117 (9th Cir. 2007).

Second, Defendant's alleged status as an illegal alien does not carry with it any inference that he has committed any other crime or has the propensity to do so. Removal from the United States and denial of entry may arise from any number of benign facts and circumstances unrelated to criminal activity. Indeed, it is common knowledge that the Government's power to regulate entry and removal of aliens is virtually limitless. *See Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) ("Over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens."). Accordingly, Defendant can point to no prejudicial inference that is created by joinder of Counts 1 and 2.

Third, it is quite possible that even if severance is ordered, Defendant's status as an illegal alien would be admissible in the trial of Count 2 as probative of motive and intent. *See United States v. Zackson*, 6 F.3d 911, 921 (2d Cir. 1993) ("This Circuit's

approach to [Rule 404(b)] is inclusionary, allowing evidence to be admitted for any legitimate purpose other than to show a defendant's criminal propensity."). For example, the Government may seek to present evidence that an illegal alien is more likely to leave hockey bags in a wooded area rather than transport them in a vehicle with the knowledge that border patrol officers have authority to inspect the contents of a vehicle found at the border and to make inquiries of its operator. Accordingly, severance would not necessarily cure the prejudice Defendant seeks to avoid. Instead, an appropriate curative instruction during the presentation of evidence and jury instructions requiring jurors to consider the charges separately are more likely to have the desired result.

Finally, both counts in this Indictment present a simple fact pattern involving a small number of witnesses and a discrete and limited time period. A joint trial of both counts is unlikely to take more than a few days. Severing the counts will require approximately double the trial time and will result in duplication of party, judicial, and jury resources. *See Stewart*, 433 F.3d at 315 (duplication of trials due to overlap of evidence and facts weighs heavily against severance). As a result, the alleged minimal prejudice sought to be redressed through severance is substantially outweighed by the more compelling interests in judicial economy and efficiency.

Because Defendant has failed to sustain his burden of demonstrating "substantial prejudice" warranting severance, *United States v. Fantuzzi*, 463 F.2d 683, 687 (2d Cir. 1972), *Zackson*, 6 F.3d at 922, severance must be denied.

For the reasons stated above, Defendant's Motion to Sever Counts 1 and 2 is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of June, 2010.

Christina Reiss
United States District Court Judge